**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RODNEY JONES | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-3602 |
| WARDEN RICHARD GRAHAM, JR., *et al*. | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM**

Rodney Jones, plaintiff, filed suit, as amended, against multiple defendants. He asserts, *inter alia*, that while he was incarcerated in Maryland prisons beginning in October 2013, upon transfer from North Carolina, he was physically and sexually assaulted by correctional officers and gang members. *See* ECF 1, 10.

Pending are plaintiff's motions for summary judgment (ECF 26 and 31), for appointment of counsel (ECF 37), for discovery (ECF 38), for jury trial (ECF 39), for production (ECF 43), for protective order (ECF 44), to give notice to sue defendants in official capacity (ECF 46), and for offer of judgment (ECF 47). Each motion is addressed below.[1]

Plaintiff's motions for summary judgment concern his confinement at Western Correctional Institution ("WCI") in Cumberland, Maryland, and his transfer to Jessup Correctional Institution ("JCI") in Jessup, Maryland, where he was then transferred back to the North Carolina Department of Correction. ECF 26 and 31.[2] He maintains that, during his transfer to JCI, he was forced to share a cell with a homosexual inmate who sexually harassed

---

[1] This Memorandum does not address the dispositive motion filed by defendants on May 12, 2014. *See* ECF 48.

[2] Plaintiff left the Maryland prison system in late January 2014. *See* ECF 48-1.

him; he received no meals during the two day process; and the transfer adversely impacted his ability to file a criminal appeal in the Superior Court for "Meck." County, North Carolina. *Id*. The matters raised in the self-styled motions for summary judgment are new claims not previously asserted by plaintiff in his original pleadings. Therefore, they are more appropriately construed as motions to amend the complaint.

As the docket reflects, plaintiff previously amended his complaint. *See* ECF 10. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F.R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." F.R. Civ. P. 15(a)(2). And, Rule 15(a)(2) dictates that "[t]he court should freely give leave when justice so requires."

Although the submission was filed within 21 days of the date service was effected, the asserted claims regarding missed meals are legally insufficient because they fail to allege actual injury. *See Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (requiring proof of a serious or significant physical or emotional injury resulting from the challenged conditions). The assertion that plaintiff missed three meals over a period of two days simply fails to state an Eighth Amendment claim, as plaintiff does not allege he suffered severe emotional or physical injury as a result. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (conditions which are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society.").

Plaintiff's vague assertion that his transfer to JCI impacted his ability to file a criminal appeal, without more, is insufficient to state a claim of denial of access to courts. Any tangential impact on plaintiff's abilities to litigate a claim are not the sort of intentional act from which the Constitution guarantees protection. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).

Where, as here, the proposed amendment to the complaint appears to be a futility, this court has the discretion to deny leave to amend. Thus, the motions for summary judgment, construed as motions to amend the complaint as to these two claims, shall be denied.

Plaintiff also alleges that upon his transfer from WCI to JCI, he was placed in a cell with a "homosexual white male" inmate who watched plaintiff when he urinated and defecated; made "homosexual passes" at plaintiff; and touched plaintiff's penis and buttocks while he slept. According to plaintiff, his complaints regarding his cell mate were "clearly ignored" by "all [JCI] staff." *Id*. at 2. In particular, he states that Sgt. Hawkins ignored his complaint. *Id*.

Plaintiff was temporarily housed at JCI for just under three days, ECF 26 at 1, and it is unclear what information plaintiff conveyed to staff about his cell mate and when. An Eighth Amendment claim for failure to protect plaintiff from the assault of a fellow prisoner cannot be sustained unless prison staff were made aware of a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987) (to prevail on an Eighth Amendment claim of failure to protect from violence, it must be established that defendants exhibited deliberate or callous indifference to a specific known risk of harm); *see also Rich v. Bruce*, 129 F. 3d 336, 339-40 (4th

Cir. 1997) (prison officials must be aware of facts from which the inference could be drawn and must also draw the inference that a potential for harm existed). Therefore, plaintiff will be granted 21 days to supplement this claim with information regarding what he told prison officials; to whom he gave the information; and when that information was conveyed.

Plaintiff moves for appointment of counsel. ECF 37. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. No hearing has yet been scheduled in this case and there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1). The motion for appointment of counsel shall be denied, without prejudice.

Plaintiff's motion for discovery under F.R. Civ. P. 26 and F.R. Civ. P. 34 bears no indication that a request for discovery was previously sent to counsel and ignored, although plaintiff asserts that it is his second request. ECF 38. To the extent plaintiff's motion is simply a request that defendants provide discovery, such a request must be filed with counsel for defendants and not with the court. *See* Local Rule 104.5. If intended as a motion to compel discovery, such a motion is improper where there is no evidence that (1) discovery has commenced; (2) an appropriate discovery request was made; (3) a response to the request was either not provided or did not comply with the request; and (4) informal efforts to resolve the

dispute have failed. *See* Fed. R. Civ. Proc. 26, *see also* Local Rule 104.8. (governing procedure for motions to compel).

In the instant case, no scheduling order has been issued setting forth deadlines for discovery. Local Rule 803.1 (D. Md. 2011) states, in part: "[D]iscovery shall not commence until the issuance of a Scheduling Order. Thus, plaintiff's motion for production of documents, even liberally construed, fails to state a sufficient basis for the relief requested. It will be denied.

Plaintiff has also moved for jury trial. ECF 39. The motion shall be denied as premature, and without prejudice, in light of the fact no trial on the merits has been scheduled in this matter.

Plaintiff's motions for production of documents (ECF 43) and for protective order (ECF 44) appear to concern the transfer of his personal property from Maryland to the North Carolina Department of Correction, and his desire to press criminal charges against defendants. To the extent these motions concern internal matters relating to plaintiff's transfer, he is reminded that this court is not the proper forum through which to process internal prison grievances regarding the transfer of his personal property to North Carolina. Plaintiff is encouraged to address these matters through the prison's internal grievance process. To the extend plaintiff seeks a criminal prosecution of others, he has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert denied*, ____ U.S. ____, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008). The motions shall be denied.

Plaintiff's motion giving notice to sue defendants in official capacity (ECF 46) shall be granted to the extent it simply states his intent to sue defendants in their official capacity. His additional request to find defendants in default because North Carolina correctional officials are involved in the investigation of his claims is denied. ECF 46.

Plaintiff's motion for an order of judgment appears to be his offer to settle the claims he has raised against defendants. ECF 47. In exchange for monetary damages and his transfer back to Maryland's jurisdiction, plaintiff offers not to expose his alleged assault to the news media and withdraw criminal charges against four of the defendants. *Id*. The matters asserted in the motion are not proper, given that there has been no agreement to settle in this case and it is not this court's role to fashion an agreement to settle. The motion shall be denied.

An Order follows.

Date:  May 19, 2014                                  /s/
                                                            Ellen L. Hollander
                                                            United States District Judge